Deaderick, J.,
delivered tbe opinion of tbe court:
The bill in this case was filed in 1872 in tbe chancery court of MeNairy county, to enjoin tbe sale of lands of complainant upon tbe allegations that a decree bad been rendered against him in favor of defendants in the chancery court of Davidson county, without any service of process or publication in tbe year 1860, and that no execution bad issued until 1872. Tbe complainant further states that be never knew any suit bad been instituted until 1872, a short time before be filed bis bill; that upon being so informed, be ascertained that a bill bad been filed by said Ooltart against him and others August 1, 1856, and final decree rendered in (25th of October) 1860, for *563 $2,258.42; that no process of subpoena to answer, or summons was ever served upon him .or issued to be served, and that no publication was made; that he was at the time of the institution of said suit a citizen of Shelby county, where he has resided a greater portion of the time since the institution of said suit; that defendant does not know Coltart, and does not owe him any money, and that said decree is unjust and void, and prays that a decree be rendered perpetually enjoining said decree against him, and declaring it void.
IJpon motion, the chancellor dismissed the bill upon the ground that the chancery court of McNairy county had no jurisdiction to enjoin the execution of the decree of the chancery court at Nashville, and the cases of Deadecrick v. Smith et al., 6 Hum., 138, and Whiteside & Wyatt v. Latham, 3 Cold., 91, axe referred to in support of this action of the chancellor. In both cases cited, the chancery court and circuit court, which were enjoined, had unquestioned jurisdiction of the persons and subject-matter in then pending suits, in which property had been sold and notes taken from the purchasers, to render the decrees which were enjoined.
In this, it is alleged that the court rendering the decree against complainant had no jurisdiction to- render a decree against him, because he had no notice of the suit, actual or constructive. In such a case it has been repeatedly held that a court of equity will enjoin a void judgment at law, and we see no difference in principle between a case at law and one in chancery. If the party has had no- notice, the decree is void, and there is no suit pending in the chancery court at Nashville to contest the question, even if such course was proper or necessary. According to the allegations of the bill, the complainants'' land in McNairy county has been levied upon to satisfy a void decree against him, and he may file his bill there to procure relief. The decree complained of is final, and the cause off the docket, and a *564 new suit is a proper mode in which to- be relieved from a void judgment or decree-.
The decree of the chancellor will be reversed, and the cause will be remanded, with leave to the defendants to answei*.
Costs of this court will be paid by defendant, Coltart.